# IN THE UNITED STATES DISTRICT COURT FOR
# THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| S.A. | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | JURY TRIAL DEMANDED |
| v. | : | |
| | : | No. |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, GEORGE LITTLE, MICHAEL ZAKEN, ALFONZIA NEWSOME, LISA GRAVES, DR. MCCLELLAN, CAPTAIN DUGAN, AND ANY OTHER AS YET-IDENTIFIED EMPLOYEES OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS | : | |
| Defendants. | : | |

## COMPLAINT

AND NOW, comes Plaintiff, S.A., by and through counsel, Andreozzi + Foote, who files this Complaint against Defendants, and in support thereof, states as follows:

## PARTIES

1. Plaintiff, S.A., ("Plaintiff"), is an adult female residing in the state of Pennsylvania. Plaintiff can be contacted through counsel, Andreozzi + Foote, 4503 North Front Street, Harrisburg, PA 17110. Plaintiff is identified by her initials as this action involves Plaintiff's sexual assault. Plaintiff's identity will be disclosed to Defendant.

2. Defendant Pennsylvania Department of Corrections ("DOC") is a political subdivision of the Commonwealth of Pennsylvania that oversees the operation of state correctional institutions, including, state correctional institution Cambridge Springs ("SCICS"). DOC is headquartered in Harrisburg, PA, which is within this District.

3. Defendant George Little ("Little") was the Secretary of Corrections for the DOC at all relevant times.

4. Defendant Michael Zaken is the Deputy Secretary Western Region, responsible for overseeing SCICS at all relevant times.

5. Defendant Alfonzia Newsome ("Defendant Newsome") was employed as a correctional officer at SCICS at all relevant times.

6. Defendant Lisa Graves was the Superintendent at SCICS at all relevant times as was responsible for overseeing day-to-day operations, including compliance with the Prison Rape Eliminations Act ("PREA"), promulgating rules,

regulations, polices, and procedures to ensure the reasonable safety of all SCICS prisoners, including Plaintiff. Defendant Graves was responsible for supervising, training, assigning, and disciplining all employees at SCICS.

7. Defendant Dr. McClellan ("Defendant McClellan") was, upon information and belief, a psychiatrist employed at SCICS at all relevant times.

8. Defendant Captain Dugan ("Defendant Dugan") was, upon information and belief, employed at SCICS at all relevant times as the head of security.

9. SCICS is located at 451 Fullerton Ave, Cambridge Springs, PA 16403.

10. At all times relevant to this Complaint, each of the Defendants were acting within the scope of their employment and under the color of law.

## JURISDICTION AND VENUE

11. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, which gives United States District Courts jurisdiction over civil actions arising under the laws of the United States

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since Defendant conducts business in this District, and/or a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## FACTS

### Perpetrator Sexually Assaults Plaintiff

13. On December 11, 2022, Plaintiff was returning to her cell at SCICS, when she was followed by Defendant Newsome.

14. While standing in the entrance of Plaintiff's cell, Newsome asked Plaintiff if she needed a request slip, to which Plaintiff declined.

15. Newsome then put his hands down Plaintiff's pants and groped Plaintiff's vagina.

16. Upon information and belief, Newsome was not supposed to be in Plaintiff's unit at the time of the assault, as he was assigned to utility and driving.

17. Following the assault, Plaintiff made a Prison Rape Elimination Act ("PREA") report.

18. Upon information and belief, other inmates reported similar sexual misconduct by Newsome.

19. Upon information and belief, some of the sexual misconduct by Newsome was witnessed by Defendant McClellan.

20. Upon information and belief, Defendant McClellan reported the sexual misconduct by Newsome to Defendant Dugan.

21. Upon information and belief, other SCICS employees reported sexual misconduct by Newsome.

22. Newsome remained employed at SCICS until late 2023.

**Newsome Arrested for Sexual Misconduct Toward Inmates**

23. Following several allegations of Newsome's sexual misconduct by SCICS inmates, Pennsylvania State Police opened an investigation in July 2023.

24. On July 29, 2024, a criminal Complaint was filed against Newsome with the following charges: three (3) third-degree felony counts of Institutional Sexual Assault; three (3) misdemeanor counts of Indecent Assault with Forcible Compulsion; and three (3) summary counts of Harassment.

25. Because of the foregoing conduct of Defendants, the Plaintiff suffered severe and permanent injuries and damages, as outlined herein.

## COUNT I

**42 U.S.C. § 1983 for Cruel and Unusual Punishment**
**(*Plaintiff v. Defendants*)**

26. Plaintiff incorporates the foregoing paragraphs as though fully set forth herein.

27. Under the Eighth Amendment and Fourteenth Amendments, Plaintiff, as a prisoner, is guaranteed the right to be free of cruel and unusual punishment by state actors.

28. Here, Defendants are required to provide adequate protection and prevention to vulnerable females, such as Plaintiff, but have been deliberately indifferent to the risk of sexual abuse in their facility.

29. Plaintiff's right was violated when Newsome inappropriately and forcibly touched Plaintiff's vagina in her cell of the correctional facility.

30. Despite the knowledge of Newsome's inappropriate contact with Plaintiff, Defendants' policies, customs, and/or practices did not prevent further abuse on behalf of Plaintiff.

31. Defendants knew Plaintiff's rights were being violated, had the realistic opportunity to intervene to prevent or stop the misconduct from occurring, and failed to do so.

32. In the alternative, Defendants were on notice of a substantial risk of harm to Plaintiff and they consciously disregarded that risk.

33. As a result of Defendants' deliberate indifference to Plaintiff's Eighth Amendment and Fourteenth Amendment rights, Plaintiff was sexually assaulted, resulting in damages.

WHEREFORE, Plaintiff requests damages against Defendants, including an award of attorneys' fees and costs, and such other relief as this Honorable Court deems appropriate.

## **JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

## DEMAND FOR RELIEF

WHEREFORE, based on the foregoing, Plaintiff respectfully request judgment in their favor and against Defendants as follows: (1) compensatory and punitive damages in an amount to be proven at trial; (2) pre- and post-judgment interest; (3) such other and further relief as this Court deems just and proper.

                                              Respectfully Submitted,

                                              **ANDREOZZI + FOOTE**

Dated: December 2, 2024        *s/ Veronica N. Hubbard, Esq.*
                                              *s/ Nathaniel L. Foote, Esq.*
                                              4503 North Front Street
                                              Harrisburg, PA 17110
                                              Ph: 717.525.9124 | Fax: 717.525.9143
                                              veronica@vca.law
                                              *Attorneys for Plaintiff*